IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. CHANEY, JR., | No. 2:13-CV-2659-LKK-CMK |
| Plaintiff, | |
| vs. | ORDER |
| COUNTY OF BUTTE, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court

must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## I. BACKGROUND

Plaintiff names the following as defendants: County of Butte; Jeffrey Smith; Michael Hannah; Michael Ramsey; Ada Gardener; and J. Stark Modlin (collectively, "county defendants"). As additional defendants, plaintiff names: Butte County Superior Court; Hon. Michael Deems, and Dan Logue.[1] Because plaintiff has not opposed county defendants' motion to dismiss, the court accepts their background statement as follows (citations to plaintiff's complaint omitted):

> Plaintiff's 122-page complaint arises out of an incident that occurred at the Butte County Superior Courthouse on November 19, 2013. Plaintiff and several other Constitutionalists attended a judicial proceeding for their fellow Constitutionalist Carl Hans Andersen. Andersen was imprisoned after he instructed several Paradise Police Officers to "stand down," which eventually led to a physical struggle between Andersen, his son, and the police officers. After Defendant Butte County Superior Court Judge MICHAEL DEEMS called Andersen's case, Plaintiff stood, held a petition for Writ of Habeas Corpus over his head, and yelled: "Robert L. Cheney, Jr., next friend for Carl Hand Andersen, for application for Writ of Habeas Corpus." Judge DEEMS told Plaintiff to sit and Plaintiff complied. Once the court finished calling all its cases on calendar, Judge DEEMS left the courtroom. Plaintiff again tried to present the petition to the court, but the "court guards" instructed him to leave. After arguing with the "court guards," Plaintiff attempted to place them under citizen's arrest. Plaintiff admits he "fully intended to take over the court," considering Judge DEEMS had "illegally abandoned" the courtroom, and planned to issue the Writ of Habeas Corpus himself.

///

---

[1] In an abundance of caution, county defendants have responded to the complaint by way of a motion to dismiss(Doc. 10), which plaintiff has not opposed. This motion is premature in that it was filed before the court could screen the complaint and determine whether service was appropriate for any defendant.

2

After Plaintiff refused to leave the courtroom, Defendant Deputy Sheriff MICHAEL HANNAH told Plaintiff he was going to jail, to which Plaintiff admittedly responded "Fuck you!"  Defendant HANNAH then approached Plaintiff and physically subdued him as Plaintiff instructed defendant HANNAH to "cease and desist."  Defendant HANNAH physically forced Plaintiff out of the courtroom and into the hallway, where he took Plaintiff to the ground.  Plaintiff claims he told Defendant HANNAH and other officers to be careful as they subdued him because his shoulders were "shredded" from playing semi-pro football.  Plaintiff admits he screamed at the top of his lungs for approximately two minutes, stating he dislocated his shoulder and was in excruciating pain.  While being subdues, Plaintiff claims an officer falsely accused him of hitting a police officer, and that other officers came to assist and stated: "We want in on this too!" and "Stupid Goddam Constitutionalists."  Plaintiff alleges he was eventually "dragged" out of the courtroom and transported via police car to Butte County Jail.  Plaintiff claims he was never actually put under arrest.

Several times Plaintiff asked for Defendant HANNAH's name.  Plaintiff claims Defendant HANNAH twice gave him an incorrect name, calling himself "Prouden" and "Defrow" before admitting his real name was "Hannah."  Plaintiff refused to be voluntarily booked, but complied with the orders under protest claiming he had previously been beaten for refusing to book.  When asked to sign a Citation and Promise to Appear, Plaintiff signed "Non Assumpsit."

The complaint consists of 119 single-spaced type-written pages with approximately 100 additional pages of referenced exhibits.  Plaintiff alleges 13 "counts" for relief, as follows:

Count 1 – Writ of Habeas Corpus Suspension, PC § 1505

Count 2 – Use of Excessive Force, PC § 688

Count 3 – Filing Perjury, False Claims, PC §§ 115, 118

Count 4 – Assault, Beatings, Mayhem, Torture

Count 5 – Beating to Commit Hate Crimes

Count 6 – Obstruction, PL-96-303, Req. Grand Jury, PC § 919

Count 7 – Torture, Hate Crimes Against Constitutionalists

Count 8 – Giving False Name, PC § 148.9

Count 9 – Treason, PC § 1027.5

Count 10 – Fara Foreign Regis., PC § 22 USC § 611

       Count 11 – Refusal to Obey Oath, Misconduct, PC §§ 803-05

       Count 12 – Negligence

       Count 13 – RICO, Slavery, Amend. 13th US Const.

Plaintiff seeks: issuance of an injunction staying an action pending in the Butte County Superior Court; an order requiring defendants to submit a public apology; orders directed to the Butte County Superior Court forbidding court staff from "[c]arrying weapons of any type" within the courthouse, "[c]reating, establishing, maintaining and asserting a CULTURE OF FEAR, OPPRESSION, and MALICE"; initiation of a court-mandated investigation of defendants, as well as monetary damages. Plaintiff also seeks two years imprisonment for each individual defendant.

## II.  DISCUSSION

   Upon review of the complaint, the court observes a number of defects which must be cured before the action can be considered appropriate for service.

   **A.**  **Rule 8**

   First and foremost, plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8. The Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

The complaint consists of 119 single-spaced type-written pages with approximately 100 additional pages of referenced exhibits.  This pleading method does not, however, satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly.  To the contrary, plaintiff's complaint would require the court to comb through over 200 pages of documents in order to even guess at plaintiff's claims.  The court is unwilling to do this in part due to limited judicial resources but also because it is for plaintiff – not the court – to formulate his claims.  Plaintiff will be provided an opportunity to amend the complaint to satisfy the basic pleading requirements of Rule 8.

**B.     Municipal Liability**

Plaintiff names as a defendant a municipality – County of Butte.  Municipalities and other local government units are among those "persons" to whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties and municipal government officials are also "persons" for purposes of § 1983.  See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality.  See id.  A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

/ / /

/ / /

/ / /

1      Plaintiff's claim against defendant County of Butte appears to stem from his
2 allegations that "Constitutionalists" are unfairly treated by the courts.  Plaintiff has not, as far as
3 can be gleaned from plaintiff's complaint, alleged any actions, customs, or policies of defendant
4 County of Butte.  Plaintiff's grievances against the state court sitting in Butte County, and state
5 court officers and employees, does not translate to conduct by the county itself.  Because it is
6 possible that this defect could be cured with a short and plain statement of plaintiff's claims,
7 plaintiff will be provided an opportunity to amend.

    **C.    Prosecutorial Immunity**

9      Plaintiff names as defendants Ramsey and Modlin, who are a District Attorney
10 and Deputy District Attorney, respectively.  Prosecutorial immunity protects eligible government
11 officials when they are acting pursuant to their official role as advocate for the state.  See Imbler
12 v. Pachtman, 424 U.S. 409, 430 (1976).  This immunity extends to actions during both the pre-
13 trial and post-trial phases of a case.  See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir.
14 1984).  State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their
15 official capacity.  See Kalina v. Fletcher, 522 U.S. 118, 123-25 (1997).

16      Because plaintiff's claims against defendants Ramsey and Modlin stem from their
17 prosecutorial authority, they are immune from suit.

    **D.    Judicial Immunity**

19      Plaintiff names as defendant Hon. Michael Deems, a judge of the Butte County
20 Superior Court.  Judges are absolutely immune from damage actions for judicial acts taken
21 within the jurisdiction of their courts.  See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir.
22 1988) (per curiam).  This immunity is lost only when the judge acts in the clear absence of all
23 jurisdiction or performs an act that is not judicial in nature.  See id.  Judges retain their immunity
24 even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9,
25 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are
26 accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).

This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process." See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).

As with defendants Ramsey and Modlin, plaintiff's claims against defendant Deems arise from the judge's performance of his official duties and not from some alleged extra-judicial conduct. Defendant Deems, therefore, is immune from suit.

### E.  Eleventh Amendment Immunity

Plaintiff names the Butte County Superior Court as a defendant. Under California Law, the various county superior courts are agencies of the State of California. See Sacramento & San Joaquin Drainage Dist. v. Superior Court, 196 Cal. 414 (1925); Greater Los Angeles Council on Deafness, Inc. V. Zolin, 812 F.2d 1103, 1110 (9th Cir 1987). The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Because the Butte County Superior Court is an agency of the state, it is immune from suit.

### F.  Claims Based on Criminal Statutes

Plaintiff's complaint references numerous state and federal criminal statutes as the apparent bases of defendants' liability. Such claims are not cognizable in a civil suit by a private citizen. See Linda R.S. v. Richard D., 410 U.S. 614 (1973) (federal criminal statutes); Dix v. Superior Court, 53 Cal. 3d 442 (1991) (California criminal statutes).

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, plaintiff is not entitled to leave to amend as to such claims.  Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, plaintiff is warned that failure to file an amended complaint within the

time provided in this order may be grounds for dismissal of this action.  See <u>Ferdik</u>, 963 F.2d at 1260-61; <u>see also</u> Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order;
3. County defendants' motion to dismiss (Doc. 10) is denied as moot; and
4. County defendants are relieved from any obligation to further respond in this action until ordered to do so by the court.

DATED:  August 15, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE